IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

---

UNITED STATES OF AMERICA,

Petitioner-Respondent

Versus

KATIE LEE KEYES,

Defendant-Petitioner

---

MOTION IN SUPPORT OF

28 USC § 2255

CRIMINAL CASE NO:

4:17-CR-198-7

---

Katie Lee Keyes
Reg No:34379-057
SFF-Hazelton
PO Box 3000
Bruceton Mills, WV 26525

ARGUMENT
*THE PETITIONER WAS DENIED THEIR SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT THE PRETRIAL, AND TRIAL STAGE WHEN COUNSEL FAILED TO FILE VARIOUS MOTIONS AND RAISE APPROPRIATE ARGUMENTS.*

Under the Sixth Amendment of the Constitution of the United States, a person accused of a crime has the right to have the assistance of counsel for his defense. "It has[1] been held, however that the right to counsel must be more than just the right to have some attorney physically present with the accused at a criminal proceeding, as that in itself is insufficient to protect the accused rights; such a limited view would render the Sixth Amendment nothing more than an empty formality".

Instead, the right to counsel is regarded as implying a right to effective assistance by competent defense counsel; and if counsel's performance at a given proceeding is not up to reasonable professional standard, or if the judge, prosecutor, or others so interfere with the defense that counsel is unable to properly defend the accused interest, then the accused may have grounds for relief from a conviction, sentence, or other adverse decision which results from the proceedings. The right of an accused to effective assistance of counsel has been repeatedly

---

[1] Strickland v Washington (1984) 466 US 668

1

recognized in decisions of the Supreme Court where competency of defense counsel's representation has been called into question.

In determining whether the accused right to effective assistance of counsel have been so violated as to entitle them to relief, the Supreme Court has looked to a two prong test. First, that counsel was deficient in some specific way. Second, whether counsel's client was prejudiced by the deficiency.[2]

To meet the first prong of the test, the defendant must articulate the deficiency in counsel's performance. It is not enough for the defendant seeking relief from a sentence to identify the deficiency; they must also show and meet the requirements of the second prong of the test the prejudice prong. Under Strickland v Washington (1984), 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052, in order to establish such prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

In determining whether counsel's assistance was reasonable effective under prevailing professional norms,

---

[2] Strickland v Washington (1984) 466 US 668, 80 L Ed 2d 674, 104 S. Ct 2052

considering all the circumstances; such judicial scrutiny of counsel's performance, the court stated, "must be highly deferential, avoiding hindsight and evaluating counsel's alleged misconduct from counsel's perspective at the time it occurred".[3] The Court in <u>McMann v Richardson</u> (1970) 397 US 759, 90 L Ed 2d 763, S ct 1441, held that defendant facing felony charges are entitled to the effective assistance of competent counsel.

In 1984 the Supreme Court rendered two decisions which further articulated the principle that the right to counsel is the right to the effective assistance of counsel. First, in <u>Strickland v Washington</u> (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052, the Court held that the right to counsel guaranteed under the Sixth Amendment, is the right to the effective assistance of counsel, and that counsel can deprive a defendant of that right *simply by failing to render adequate legal assist*ance.[4] The Second decision, the Supreme Court reaffirmed and explicated the same principle: In the <u>United States v Cronic</u> (1984) 466 US 648, 80 L Ed 2d

---

[3] <u>Strickland v Washington</u> (1984) 466US 668, 80 L Ed 2d 674, 104 S Ct 2052 (The benchmark must be whether counsel's conduct so undermined the functioning of the adversarial process that the trial cannot be relied on as having produced a just result).

[4] <u>Kimmelman v Morrison</u> (1986 US) 91 L Ed 2d 305, 106 S Ct 2574 (The accused is entitled to assistance of counsel by an attorney, whether retained or appointed who plays the role necessary to insure that the trial is fair). <u>Cuyler v Sullivan</u> (1980) 446 US 335, 64 L Ed 2d 333, 100 S Ct 1708; <u>Evitts v Lucey</u> (1985) 469 US 387, 83 L Ed 2d 821, 105 S Ct 830; <u>McCoy v Court of Appeals</u> (1988) 486 US 429, 100 L Ed 2d 291, 122 S Ct 1237; <u>Martel v Clair</u> (2012 US) 182 L Ed 2d 135, 132 S Ct 1276

3

657, 104 S Ct 2039, the Supreme Court noted that the Sixth Amendment requires not merely the provision of counsel, but "assistance" which is to be "**_for his defense_**", thus the core purpose of the counsel guaranty is to assure "assistance" at trial, when the accused is confronted with both the intricacies of the law and advocacy of the public prosecutor, and the Constitutional guaranty is violated if no actual assistance is provided. To hold otherwise, the Supreme Court found, could convert the appointment of counsel into a 'sham and nothing more than formal compliance with the requirement of the Constitution'.

The Supreme Court also addressed other aspects of criminal proceedings in Missouri v Frye (2012 US) 182 L Ed 2d 519, 132 S Ct 1399, the court addressed concerns that under the Sixth Amendment guarantees, a defendant rights to have counsel present at all <u>critical stages</u> of the criminal proceedings. Critical stages include arraignment, post indictment, interrogations, post- indictment line-ups, considerations of plea agreements and entries of guilty plea[5]. "There exist the right to counsel during sentencing,

---

[5] Fontaine v United States (1973) 411 US 213, 36 L Ed 2d 169, 93 S Ct 1461; Strickland v Washington (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052; Brady v Maryland (1963) 373 US 83, 10 L Ed 2d 215, 83 S Ct 1194; United States v Dominguez-Benitez (2004 US) 159 L Ed 2d 157, 124 S Ct 2333 (The Supreme Court has decided that the application of Rule 11 of Federal Rules of Criminal Procedure which concerns pleas, may be challenged under 2255) Blackledge v Allison (1977) 431 US 63, 52 L Ed 2d 136, 97 S Ct 1621.

as even though sentencing does not concern guilt or innocence, ineffective assistance during sentencing hearing can result in prejudice". Lafler v Cooper (2012 US) 182 L Ed 2d 398, 132 S Ct 1376.

The Supreme Court elaborated the rule that criminal defendants in order to successfully assert claims that the performance of their attorney's violated their Constitutional right to effective assistance of counsel, must show that their representation by the attorney's was deficient in some particular respect; under Strickland v Washington (1984)466 US 668, 80 L Ed 2d 674, 104 S Ct 2052, the Court's benchmark established must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result; and the proper standard for evaluating attorney performance is whether counsel's assistance was reasonably effective under prevailing professional norms, considering all the circumstances.  The Supreme Court also held that judicial scrutiny of counsel's performance must be highly deferential, making every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Thus, the Supreme Court ruled, a

5

court evaluating a claim that counsel's assistance was actually ineffective must judge the reasonableness of counsel's challenged conduct against the facts of the particular case, viewed as of the time of the misconduct.

It will generally be appropriate, the Supreme Court stated, for a reviewing court to assess counsel's overall performance through the case in order to determine whether identified acts or omissions overcome the presumption of reasonable professional assistance.[6]

The Court observed in Murray v Carrier (1986 US) 91 L Ed 397, 106 S Ct 2639, that criminal defendant's right to effective assistance of counsel may, in a particular case, be violated by even an *isolated error* of counsel, if that error is sufficiently egregious and prejudicial. The error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal

---

[6] See also Mickens v Taylor (2002) 535 US 162, 152 L Ed 2d 291, 122 S Ct 1237; Bell v Cone (2002 US)152 L Ed 2D 914, 122 S Ct 1843; Wiggins v Smith (US) 156 L Ed 2d 471, 123 S Ct 2527 (held Claim, under Federal Constitution's Sixth Amendment, of ineffective assistance of counsel has two components, pursuant to first of which petitioner for relief from such alleged ineffectiveness must show that counsel's performance was deficient. Also, to establish deficient performance, petitioner must demonstrate that counsel's representation fell below objective standard of reasonableness); Yarborough v Gentry (2003) 540 US 1, 157 L Ed 2d 1, 124 S Ct 1 (Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with benefit of hindsight.) Holland v Jackson (2004 US) 159 L Ed 2d 683, 124 S Ct 2736; Florida v Nixon (2004) 543 US 175, 125 S Ct 551, 160 L Ed 2d 565 (Defense counsel has duty to discuss potential strategies with defendant); Strickland v Washington (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052 (for purpose of determining whether accused has received ineffective assistance...look to norms of adequate investigation in preparing...)Wong v Belmontes (2009 US) 175 L Ed 2d 328, 130 S Ct 383; Porter v McCollum (2009 US) 175 L Ed 2d 398, 130 S Ct 447; Premo v Moore (2011 US) 131 S Ct 733, 178 L Ed 2d 649 (challengers burden is to show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed defendant by Federal Constitution's Sixth Amendment);Boyde v California (1990) 494 US 924, 109 L Ed 2d 322, 110 S Ct 1961; Wiggins v Smith (US) 156 L Ed 2d 471, 123 S Ct 2527 (Reasonable probability is probability sufficient to undermine the confidence in outcome.)

6

proceeding on the ground of a violation of the defendant's Sixth Amendment right to effective assistance of counsel if the error had no effect on the judgment, held the Court. In <u>Strickland v Washington</u> (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052 in order to establish such prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

# ARGUMENT

## GROUND ONE: The Petitioner Was Denied Effective Counsel When Counsel Failed to Prosecute a Direct Appeal When Told To Do So.

The petitioner Katie Keyes was denied her Sixth Amendment Right to effective counsel, when she informed counsel that she wished to prosecute a direct appeal and counsel failed to do so.  The recent Supreme Court case *Garza v Idaho, 17-1026* decided February 27, 2019, the Justices looked at whether counsel failed in his duty to file a direct appeal when instructed to do so.  Counsel's reasoning was that *Garza* had signed an appeal waiver, and, in counsel's opinion there was no grounds to appeal.

This case is similar to *Garza* and the court should rule in favor of Ms. Keyes and hold an evidentiary hearing.  Like *Garza*, Ms. Keyes entered into a plea agreement which contained an appeal waiver.  After sentencing Keyes instructed her attorney to file a direct appeal.  The attorney failed in his duty and did not file a direct appeal.

Ms. Keyes was not fully aware and understood her appeal waiver when she entered it.  The court questioned her on her willingness to plead guilty and instructed her of her rights, and then instructed her of what she was waiving.  At the time of the waiver, she believed that she would have the right to argue for sentence mitigating factors because her attorney told her numerous times that mitigating factors would be argued.

Ms. Keyes was not fully aware that her attorney stipulated that no argument could be made for mitigating factors.  Ms. Keyes believes that her attorney's description that certain provisions in the plea agreement were 'legal speak' and did not bind her to

that provision. As the court is aware this provision bound Ms. Keyes and wasn't just 'legal speak'.

In the Supreme Court case of *Jae Lee v United States*, 16-327 decided June 23, 2017, the court looked at a case where a defendant would have gone to trial, if he was properly counseled on the deportation consequences. During oral argument it was widely counsel rendered prejudice by his misadvise during the Rule 11 colloquy. Here counsel misadvise was during the negotiations of the plea agreement, and what is contained within the agreement. Therefore, there is prejudice in the decision to enter into the plea agreement in the first instance, and then prejudice in moving forward.

The Supreme Court also noted in *Gideon v Wainwright*, 372 US 335, 9 L Ed 2d 799, 83 S Ct 792 (1963) that counsel's failure to take steps necessary to pursue an appeal violate the right to effective counsel, and counsel failed if her improperly raises the best issues and arguments. Under *Roe v Flore-Ortega*, 528 U.S. 470 (2000), criminal defendants have a Sixth Amendment Right to reasonably effective legal assistance. A defendant claiming ineffective assistance of counsel must show: (1) that counsel's representation was deficient; and (2) that counsel's deficient performance prejudiced the defendant.

In the instant case, Katie Keyes immediately after sentencing instructed her attorney to file a direct appeal. Ms. Keyes was sentenced on January 18, 2019. The time for filing a direct appeal expired on February 1, 2019. No direct appeal was filed. Thus prejudice is shown. But for counsel's unprofessional errors the result of the proceedings would have been different, and Katie Keyes would have prosecuted a direct appeal.

## ARGUMENT

### Ground Two- Counsel Rendered Ineffective Assistance of Counsel When She Failed to Fully Inform, Explain and Advice Ms. Keyes of All the Provisions and Stipulations Contained Within the Plea Agreement.

Ms Keyes Attorney Heather Fischer received a plea agreement from the government, and immediately emailed it to Ms. Keyes. Ms. Fischer then advised her client that she had only a few minutes to read and agree to the agreement. At the time of the email, Ms. Keyes was driving and had to pull off to the side of the road and read the agreement. What proceeded after was a chain of emails and text from Ms. Keyes to her counsel explaining that she didn't understand the terms of the agreements, she didn't understand the wording, and she didn't understand "why she only had five minutes" to look it over and agree to it. [ Emails and text messages can easily be introduced at an evidentiary hearing].

The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant". <u>Hill v Lockhart</u>, 474 U.S. 52 (1985); <u>North Carolina v Alford,</u> 400 U.S. 25, 31 (1970); <u>Boykin v Alabama</u>, 395 U.S. 238, 242 (1969). Here Ms. Keyes does not contend that his plea was "involuntary" or "unintelligent" simply because the attorney failed to supply her with information about stipulations to argue mitigating factors. The issue is in what her advocate found herself compelled to refrain from doing, both at the plea negotiation and sentencing.

In <u>State v Williams</u>, 83 .W 3d 371 ( Tex App. 2002)Held that counsel's duty to defendant extends to fully explaining any plea offers in order to help defendants make

an informed decision, and failure to do so was, in effect, indistinguishable from failure to inform defendant about the offer at all. Defense counsel have a duty to fully advise their clients regarding the desirability of a particular plea and that the accused bears the sole responsibility for making the decision on what plea should be entered. In the instant case Ms. Keyes counsel didn't fully advise her of the law and didn't fully explain that she was prohibited from arguing any issues of mitigation. This resulted in the court believing that Ms. Keyes had a larger role than she actual. Ms. Keyes can further show prejudice in that, her attorney did not file any objections to the PSR despite Ms. Keyes own objections on the content.

This case is similar to a Sixth Circuit case, <u>Smith v United States</u>, 348 F.3d 545 (6th Cir. 2013). The court of appeals explaining that defense counsel's failure to "fully inform" …Client of the available options in the context of a plea offer "constitutes ineffective assistance" when an attorney does not adequately explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. The court noted that in today's modern justice system, which is driven largely by the Sentencing Guidelines, more is required. A criminal defendant has a right to expect a least that her attorney will review the charges with her by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, "we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to defendant and his lawyer at the time. See

*United States v Day*, 969 F.2d, 39, 43 ( 3rd Cir. 1992) (observing that "the sentencing guidelines have become a critical, and in many cases, dominant facet of federal criminal proceedings".

As in the *Smith* Case, this court should rule similarly on this issue, that the record leaves considerable doubt over the nature and quality of the advice Katie Keyes received before she made her final decision to accept the governments plea offer. But for counsel's unprofessional errors the result of the proceeding would have been different.

## ARGUMENT

### GROUND THREE: Attorney Fischer Rendered Ineffective Counsel when She Stipulated that Ms. Katie Keyes Was Responsible for Distributing 15 Kilos When there was No Evidence to Attribute That Amount to Her.

This claim follows the same reasoning as claim two. In that, Ms. Keyes had no idea that her attorney stipulated to 15 Kilos. Ms. Keyes had no long term connection to this group of people and was in fact a low level participant. Because her attorney stipulated to the drug weight and stipulated that Ms. Keyes could not argue she was a low level participant- Ms. Keyes was sentenced to a longer period without the court hearing any arguments on her role in the offense.

In the instant case, Ms. Keyes is charged with possession with intent to distribute for drugs found in a vehicle occupied by her. Generally, you must know that the drugs are present to be charged with possession. Katie Keyes was not aware that drugs were in the vehicle. Because of the amount of the drug in the vehicle and because the prosecutor cannot get into the mind of the defendant, the government charged her with distribution.

As argued in ground two, Katie Keyes was not aware that her attorney stipulated to an amount of drug that would impact her sentencing by degrees.

Attorney Fischer should have but did not challenge the drug weight. She should have but did not counsel her client on how the increased drug weight impacts her sentence. Attorney Fischer should have but did not, explain that increased drug weight means Ms. Keyes incarceration time would also increase. Instead Ms. Fischer gave Ms. Keyes a few short minutes to decide to plead guilty and then refused to adequately answer her questions and refused to meet with her.

Ms. Keyes challenge is that because she was not part of the conspiracy for the length the government has identified she cannot be held responsible for the drug amounts of other conspirators because "is wasn't reasonably foreseeable" to her that her codefendant's had been moving the amount of drugs the government has claimed, and as noted in her PSR. *United States v McEntire*, 153 F3d 424 (7th Cir. 1998). But for counsel's unprofessional errors the result of the proceeding would have been different and Ms. Katie Keyes would not be subject to the base level offense of 32, for a drug quantity that is incorrectly attributable to her.

## SUMMARY

Therefore, the petitioner has presented arguments for violations of ineffective assistance of counsel and due process at various stages of the criminal proceedings. She has demonstrated that some she was not fully informed of her plea agreement having only five minutes to review it without her attorney. She has shown prejudice in that she expected mitigating factors to be argued at sentencing and no mitigating factors were argued. She expected that a direct appeal would be filed after informing counsel to do so. No direct appeal was filed.

She has shown and argued that counsel violated her constitutional right to a fair trial and fair proceedings. This motion is articulately stated and meets the two prong analysis standard of Strickland. Prejudice is shown in ground one and ground two and an evidentiary hearing is needed. Ms. Katie Keyes has numerous emails and text messages supporting her claim that she didn't understand the plea agreement, and requesting to meet with her lawyer which did not take place.

THEREFORE, she humbly asks this court to:

**ORDER her sentence be VACATED and obtain an immediate release; and/or**

**HOLD AN EVIDENTIARY HEARING, and allow her to prove her case and fully develop the record.**

Sincerely,

*Katie Keyes*

Katie Lee Keyes
Reg No: 34379-057
SFF-Hazelton
PO Box 3000
Bruceton Mills WV 26525